satisfaction, as a condition precedent to his right to insist upon the final payment.   Smith v. Alker, 102 N. Y. 87, 5 N. E. 791; Duell v. McCraw, supra.   But, without passing upon this question, it is apparent that the defendant waived whatever right it had to demand such a certificate by not placing its refusal to pay upon the ground that the one furnished did not fulfill the requirements of the contract. Wyckoff v. Meyers, supra.

There is no pretense that any fault was found with the form of the certificate prior to the commencement of this action, and as late as October 9, 1894, the defendant's president, in a letter to the plaintiff's attorneys, wherein he stated his reasons for refusing payment of the plaintiff's demand, and intimated that, if sued, the action would be defended upon the grounds therein specified, makes no allusion whatever to the insufficiency of the certificate; and we think that, in these circumstances, the trial court would have been justified in holding, as matter of law, that the defendant had waived any right which it might otherwise have had to insist that the architects' certificate should have been of a different character from the one furnished.   Instead of taking this course, the question was submitted to the jury as one of fact; a disposition of the matter which certainly ought to evoke no complaint from the defendant.   The learned counsel for the appellant insists, however, that the question of waiver was not properly before the court, inasmuch as it was not pleaded in the complaint.   We do not regard this proposition as tenable, in view of the facts disclosed by the record; but, as we have held that the certificate was sufficient to answer the requirements of the contract, it is unnecessary to consider this aspect of the case.

Several exceptions taken to the rulings of the trial court during the progress of the trial are pressed upon our attention.   We have given careful examination to the same, and, while one or two seem at first blush to be somewhat questionable, we are persuaded that, if erroneous, they were not sufficiently prejudicial in their character to require the granting of a new trial; and our conclusion of the whole matter is that the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs.   All concur.

---

(27 App. Div. 145.)

COMMERCIAL NAT. BANK OF CHICAGO v. HAND.

(Supreme Court, Appellate Division, First Department.   March 25, 1898.)

COSTS—EXTRA ALLOWANCE.

Where a defendant concedes the plaintiff's right to recover the amount claimed, but sets up a counterclaim, upon which the jury award him a substantial recovery, which is deducted from the amount conceded to be due to the plaintiff, it cannot be said that the plaintiff is the successful party, and therefore he is not entitled to an extra allowance upon the balance of his conceded claim for which he has judgment.

Appeal from trial term.

Action by the Commercial National Bank of Chicago against Elwood H. Hand.   From an order granting an extra allowance of 5 per cent. on the amount of the verdict, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Charles De Hart Brower, for appellant.
J. H. Hull, for respondent.

PER CURIAM. The question presented in this case was decided by the late general term of the supreme court in the case of Railway Co. v. Carhart, 39 Hun, 363. The right of the plaintiff to recover the amount claimed by him was conceded by the defendant. The defendant interposed a counterclaim, for which he asked an affirmative judgment. The verdict of the jury awarded him a substantial recovery upon his counterclaim, the amount of which was deducted from the amount conceded to be due to the plaintiff. The only issue involved in the action being the demand of the defendant to recover upon his cause of action against the plaintiff, and he having succeeded in recovering a sum of money upon his counterclaim, it cannot be said that the plaintiff was the successful party. As a matter of fact, upon the only disputed question in the case the defendant succeeded, and consequently the plaintiff was not entitled to an allowance upon the balance of his conceded claim for which he had judgment.

The order appealed from should be reversed, with $10 costs and disbursements.