HUGO F. HUBER, Appellant, v. BERNARD S. CLARK, as Temporary Administrator of JAMES SWANN, Deceased, and FLOYD DAY, Said Swann and Said Day ‵Formerly Doing Business as Swann & Day, Respondents.

*Extra allowance — where the plaintiff's claim is admitted and the only contest is over a counterclaim which is decided in favor of the defendant for less than plaintiff's claim.*

Where the defendant in an action admits the right of the plaintiff to recover the amount demanded in the complaint, and the only matter litigated upon the trial is as to the right of the defendant to recover upon a counterclaim set up by him in his answer, if the jury find in favor of the defendant upon the counterclaim for a substantial amount, although less than the amount demanded by the defendant and less than the amount which he has conceded that the plaintiff is entitled to recover, the court has no authority, notwithstanding that the contest upon the counterclaim rendered the case a difficult and extraordinary one, to grant the plaintiff an extra allowance of costs.

APPEAL by the plaintiff, Hugo F. Huber, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 28th day of January, 1905, amending the minutes of the trial and the judgment theretofore entered in the action by striking out an extra allowance of $2,000 granted to the plaintiff.

*Francis B. Mullin,* for the appellant.

*John M. Harrington* [*John R. Abney* with him on the brief], for the respondents.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of Mr. Justice GARRETSON at Special Term.

HIRSCHBERG, P. J., BARTLETT, WOODWARD, JENKS and MILLER, JJ., concurred.

The following is the opinion of Mr. Justice GARRETSON delivered at Special Term:

GARRETSON, J.:

In their answer the defendants admitted the right of the plaintiff to recover the amount demanded in the complaint. At the opening

of the trial the defendants renewed this admission, and claimed the affirmative of the issues which arose upon the plaintiff's reply to the counterclaim set forth in the answer, and the same was allowed to them by the court and the trial proceeded accordingly. The jury found in the defendants' favor upon the counterclaim for a substantial amount, although largely less than the amount claimed by the defendants, and rendered a verdict in plaintiff's favor for a sum of money which represented the amount admitted to be due to the plaintiff, after deducting the amount found by them to be due to the defendants upon their counterclaim. The plaintiff's claim as sued for was not in issue upon the pleadings, and his right to recover it was not litigated upon the trial. The defendants' counterclaim was in issue, and was actively and persistently contested, and the defendants prevailed thereon. I am of the opinion that the granting of an extra allowance to the plaintiff was unauthorized. (*New York, Lake Erie & Western R. Co.* v. *Carhart,* 39 Hun, 363 ; *Commercial National Bank* v. *Hand,* 27 App. Div. 145.)

The case was indeed a difficult and extraordinary one, but this resulted from the contest which arose upon the counterclaim, in which, as stated, the defendants prevailed.

The minutes of the trial and the judgment should be amended by striking out that part of same which awarded an extra allowance to the plaintiff.